IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRECISION ENGINEERING, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-110 (GMS) |
| | ) | |
| LORD CORPORATION and | ) | |
| LORD FAR EAST, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Lord Corporation ("Lord") and Lord Far East, Inc. ("LFE") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the numbered paragraphs of the complaint as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted, except it is denied that Lord maintains plants in nine states and maintains distributorship operations in twelve foreign countries. By way of further answer, Defendants state that Lord distributes its products to entities other than distributors, that it maintains plants in six states and that it maintains distributorship operations in the United States and in twenty-six foreign countries.

5. Admitted.

WIL:58495.3/LOR042-235203

6. The allegations in paragraph 6 constitute conclusions of law to which no responsive pleading is required.

7. The allegations in paragraph 7 constitute conclusions of law to which no responsive pleading is required.

8. The allegations of paragraph 8 are denied except that it is admitted that Chemglaze® Performance Coating ("Chemglaze") is a polyurethane based product manufactured by Lord that can be applied to floors and panels and that Chemlok® Rubber-to-Metal Adhesives ("Chemlok") is an adhesive that can be used to bond elastomers to metal.

9. Admitted that Lord manufactures Chemlok and Chemglaze in Pennsylvania and further averred that Chemlok and Chemglaze also are manufactured at facilities located outside of Pennsylvania.

10. Denied.

11. The allegations of paragraph 11 are denied except that it is admitted that plaintiff Precision Engineering Ltd. ("Precision") is a family-owned company located in Bangkok, Thailand and that Precision is an importer and distributor of polyurethane coatings and adhesives and a manufacturer of wood coating products. By way of further answer, Defendants state that the wood coating products Precision manufactures compete with Lord's coating products, including Chemglaze.

12. Defendants deny the allegations of paragraph 12 except that (i) Defendants lack information or knowledge sufficient to form a belief as to the truth as to the date of Precision's "inception," and (ii) Defendants admit that Precision has marketed, promoted, sold and

distributed Chemlok and Chemglaze to customers in Thailand. By way of further answer, Defendants state that (a) Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand, (b) Precision is not limited, restricted or prohibited from marketing, promoting, selling and/or distributing products of Lord's competitors, and (c) the wood coating products Precision manufactures compete with Lord's coating products, including Chemglaze.

13. The allegations in paragraph 13 constitute conclusions of law to which no responsive pleading is required. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

14. Defendants (i) deny the allegations of the first sentence, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

15. Denied. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

16. Defendants (i) state that the first sentence purports to characterize a document and no response is required insofar as the document speaks for itself, and (ii) admit the allegations of the second sentence.

17. Defendants state that paragraph 17 purports to characterize a document and no response is required insofar as the document speaks for itself. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

18. Denied. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

19. The allegations in paragraph 19 constitute conclusions of law to which no responsive pleading is required. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 except it is admitted that Precision spoke to Lord's representatives about the fact Tokyo Zairyo Thailand, Ltd. ("TZT") was selling Chemlok products in Thailand and that Hirozaku Omoto, the general manager of LFE, informed Precision that Defendants were aware that TZT was selling Chemlok products in Thailand.

23. Denied. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Defendants deny the allegations of paragraph 25 except admit that in October 2003, Precision provided LFE with limited, non-comprehensive information regarding some entities to which Precision was selling Lord products.

26. Denied.

27. Defendants deny the allegations of paragraph 27 except admit that in January of 2004, LFE representatives met with representatives of TER, Thai NOK and Thai Fukoko, all of which are substantial international clients of Lord which purchase Chemlok products from Lord directly. By way of further answer, Defendants state that LFE representatives visited TER, Thai NOK and Thai Fukoko after, among other things, these customers complained that the price Precision was charging them for Chemlok was three to four times higher than what these same customers were paying for the product in other countries. By way of further answer, Defendants state that, in the course of these discussions, TER, Thai NOK and Thai Fukoko disclosed the prices Precision was charging for Lord products, stated that they were unsatisfied with the service provided by Precision and stated that they were about to switch to a Lord competitor for their adhesive products.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Defendants deny the allegations of paragraph 29 except admit that, on information and belief, Precision offered TER a much lower price on Lord products and, as a result, TER decided to continue obtaining some of its Lord products from Precision.

30. Defendants deny the allegations of paragraph 30 except admit that in October 2004 LFE put a temporary hold on a shipment of Chemlok to Precision. By way of further answer, Defendants state that the temporary hold on a shipment of Chemlok to Precision lasted no more than ten days.

31. Defendants deny the allegations of paragraph 31 except admit that in October 2004 LFE representatives met with representatives of TER.

32. Defendants deny the allegations of paragraph 32 except admit that TER made the decision to purchase equal amounts of Chemlok from Precision and TZT for a period of three months.

33. Denied.

34. Denied.

35. Defendants deny the allegations of paragraph 35 except admit that the parties unsuccessfully attempted to negotiate the terms of a distributorship agreement. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written,

oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

36. Defendants deny the allegations of paragraph 36 except admit that the parties discussed Precision obtaining the right to manufacture and sell certain products in Thailand.

37. Denied.

38. Defendants deny the allegations of paragraph 38 except admit that prior to the filing of this action the parties discussed ways to resolve their dispute. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

39. Defendants deny the allegations of paragraph 39 except admit that prior to the filing of this action the parties discussed ways to resolve their dispute.

40. Denied. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

41. Denied.

42. Denied.

43. Defendants deny the allegations of paragraph 43 except admit that Chemlok and Chemglaze are trademarked products. By way of further answer, Defendants state that there are products on the market which can be used as substitutes for Chemlok and Chemglaze.

**Answering The First Count For Relief**

44. Since this claim is not asserted against LFE, there is no need for LFE to respond to it. Lord repeats and incorporates by reference each of the statements in paragraphs 1 through 43 above as if set forth in full herein.

45. Denied. By way of further answer, Defendants state that Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand.

46. Denied.

47. Denied.

**Answering The Second Count For Relief**

48. Since this claim is not asserted against LFE, there is no need for LFE to respond to it. Lord repeats and incorporates by reference each of the statements in paragraphs 1 through 47 above as if set forth in full herein.

49. Denied.

50. Defendants deny the allegations of paragraph 50 except that Defendants admit that Precision has marketed, promoted, sold and distributed Chemlok and Chemglaze to customers in Thailand. By way of further answer, Defendants state that: (a) Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand, (b) Precision is not limited, restricted or prohibited from marketing, promoting, selling and/or distributing products of Lord's competitors, and (c)

the wood coating products Precision manufactures compete with Lord's coating products, including Chemglaze.

51.  Denied.

52.  Denied.

53.  Denied.

### Answering The Third Count For Relief

54.  Since this claim is not asserted against LFE, there is no need for LFE to respond to it. Lord repeats and incorporates by reference each of the statements in paragraphs 1 through 53 above as if set forth in full herein.

55.  Defendants deny the allegations of paragraph 55 except that Defendants admit that Precision has marketed, promoted, sold and distributed Chemlok and Chemglaze to customers in Thailand. By way of further answer, Defendants state that: (a) Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand, (b) Precision is not limited, restricted or prohibited from marketing, promoting, selling and/or distributing products of Lord's competitors, and (c) the wood coating products Precision manufactures compete with Lord's coating products, including Chemglaze.

56.  Denied.

57.  Denied.

58.  Denied.

### Answering The Fourth Count For Relief

59. Since this claim is not asserted against LFE, there is no need for LFE to respond to it. Lord repeats and incorporates by reference each of the statements in paragraphs 1 through 58 above as if set forth in full herein.

60. Denied.

61. Denied.

62. Defendants deny the allegations of paragraph 62 except that Defendants admit that Precision has marketed, promoted, sold and distributed Chemlok and Chemglaze to customers in Thailand. By way of further answer, Defendants state that: (a) Lord and Precision never entered any agreement, written, oral or otherwise, that Precision would be Lord's exclusive distributor of any Lord product in Thailand, (b) Precision is not limited, restricted or prohibited from marketing, promoting, selling and/or distributing products of Lord's competitors, and (c) the wood coating products Precision manufactures compete with Lord's coating products, including Chemglaze.

63. Denied.

64. Denied.

### Answering The Fifth Count For Relief

65. Defendants repeat and incorporate by reference each of the statements in paragraphs 1 through 64 above as if set forth in full herein.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Defendants deny the allegations of paragraph 68 except they admit that they are aware that Precision has a business relationship with Tokai Eastern Rubber Ltd, Thai Fukoku, Thai NOK and Thai Kokoku.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

**Answering The Sixth Count For Relief**

74. Defendants repeat and incorporate by reference each of the statements in paragraphs 1 through 73 above as if set forth in full herein.

75. Defendants deny the allegations of paragraph 75 except they admit that in October 2003, Precision provided LFE with a marketing report.

76. Defendants deny the allegations of paragraph 76 except they admit that in October 2003, Precision provided LFE with a marketing report.

77. Denied.

78. Defendants deny the allegations of paragraph 78 except admit that the parties discussed Precision obtaining the right to manufacture and sell certain products in Thailand.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

### Answering The Seventh Count For Relief

84. Defendants repeat and incorporate by reference each of the statements in paragraphs 1 through 83 above as if set forth in full herein.

85. Defendants deny the allegations of paragraph 85 except they admit that in October 2003, Precision provided LFE with a marketing report.

86. Defendants deny the allegations of paragraph 86 except they admit that in October 2003, Precision provided LFE with a marketing report.

87. Denied.

88. Defendants deny the allegations of paragraph 88 except admit that the parties discussed Precision obtaining the right to manufacture and sell certain products in Thailand.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## AFFIRMATIVE DEFENSES

95. The complaint fails to state a cause of action upon which relief may be granted.

96. Precision's claims are barred in whole or in part by the applicable statute of limitations.

97. Precision's claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

98. Precision's claims are barred in whole or in part by the statute of frauds.

99. Precision's claims are barred in whole or in part by the failure or lack of adequate consideration.

100. Precision's claims are barred in whole or in part by the doctrine of unclean hands.

101. Precision's claims are barred in whole or in part by Precision's failure to take reasonable steps to mitigate its damages.

102. Precision's claims are barred in whole or in part as the relationship, if any, between Precision and Defendant was an at-will relationship, terminable by any of the parties at any time, with or without cause.

103. No act or omission of Defendants was the proximate cause of any injury or damages to Precision.

104. Defendants' conduct was at all times privileged.

105. Precision's claims for fraud and negligent misrepresentation are not pled with particularity in accordance with Rule 9 of the Federal rules of Civil Procedure.

106. Precision's reliance, if any, on any statements by Defendants was not reasonable.

                    WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

                    Todd C. Schiltz (#3253)
                    Barry M. Klayman (#3676)
                    1100 North Market Street, Suite 1001
                    Wilmington, DE 19801
                    (302) 777-0312

April 12, 2006          Attorneys for defendants Lord Corporation and Lord Far East, Inc.

## CERTIFICATE OF SERVICE

I, Todd C. Schiltz, hereby certify that on April 12, 2006, I caused a copy of the Answer and Affirmative Defenses to be delivered to the following counsel of record in the manner indicated:

**BY HAND-DELIVERY**
Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899

**VIA FIRST CLASS MAIL**
Troy S. Brown
Karen M. Klotz
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

_____
Todd C. Schiltz (#3253)

WIL:58618.1/LOR042-235203