IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| PRECISION ENGINEERING LTD., : | |
| : | C.A. No. 06-110-GMS |
| Plaintiff, : | JURY TRIAL DEMANDED |
| : | |
| v. : | |
| : | |
| LORD CORPORATION and : | |
| LORD FAR EAST, INC., : | |
| : | |
| Defendants. : | |

**JOINT STATUS REPORT**

In accordance with this Court's June 19, 2006 Notice of Scheduling Conference the parties submit the following joint status report.

1. **Jurisdiction and Service**

The parties agree that the Court has jurisdiction over the subject matter. Defendants did not raise the issue of whether or not they are subject to personal jurisdiction in Delaware. Pleadings have been served on all of the parties.

2. **Substance of Action**

Plaintiff Precision Engineering Ltd. filed a Complaint on February 21, 2006 against defendants Lord Corporation ("Lord") and its wholly-owned subsidiary, Lord Far East, Inc. ("LFE"). Plaintiff's Complaint asserts claims against Lord for breach of express contract, breach of implied contract, breach of quasi contract and promissory estoppel based upon Lord's alleged breach of an alleged exclusive distributorship agreement with Plaintiff for the distribution of Lord products in Thailand. Plaintiff's Complaint further asserts claims against both Lord and LFE for tortious interference with business relations, fraudulent misrepresentation

and negligent misrepresentation based upon defendants' alleged interference with plaintiff's relationships with its existing customer and defendants' alleged obtaining under false pretenses plaintiff's customer lists and related customer information.

On April 12, 2006, defendants answered plaintiff's Complaint, denying the material allegations asserted against them, including plaintiff's allegation that the parties entered a written or oral agreement regarding the distribution of Lord products in Thailand, plaintiff's allegation that defendants interfered with any of plaintiff's relationships, and plaintiff's allegation that defendants obtained any information from plaintiff under false pretenses, and asserting the affirmative defenses of statute of limitations, statute of frauds, failure or lack of consideration, failure to mitigate and privilege, among others. Defendants further asserted that, even if the parties are found to have entered into a contract, the contractually-based claims asserted in plaintiff's Complaint are barred because any relationship between plaintiff and Lord was an at-will relationship, terminable by the parties at any time, without cause.

3.  **Issues To Be Resolved**

Issues that must be resolved include what jurisdiction's law governs plaintiff's claims (North Carolina, Pennsylvania, Thailand or Japan), and whether plaintiff's claims exists or are viable under the applicable jurisdiction's laws. Resolution of these issues may be impacted by Federal Rule of Civil Procedure 44.1 and may require the introduction of expert opinion.

In addition, the issues to be resolved in this litigation with respect to defendant Lord include the existence, validity, terms and enforceability of an exclusive distributorship agreement between plaintiff and Lord for the distribution of Lord products in Thailand. If plaintiff does not prevail on its contractual claim, the finder of fact must determine whether plaintiff is entitled to recovery under its quasi-contractual theories. In addition, the finder of fact must determine whether Lord and LFE tortiously interfered with plaintiff's business relations,

and whether Lord and LFE fraudulently or negligently misrepresented to plaintiff their motives for requesting plaintiff's customer lists and related customer information. In addition, the finder of fact must determine whether any of the affirmative defenses asserted by Lord and LFE bar any or all of plaintiff's claims.

If defendants are found liable on the contractual, quasi-contractual and/or tort claims, the finder of fact must determine what damages, if any, plaintiff has suffered. Moreover, if plaintiff prevails on the tort-based claims, the finder of fact must determine whether defendants' actions warrant the imposition of punitive damages.

4. **Narrowing Of Issues**

The parties may file motions for summary judgment, which could limit or resolve one or more issues in advance of trial.

5. **Relief**

Plaintiff seeks an order and judgment in its favor against defendants for damages it sustained as a result of defendant Lord's alleged breach of its exclusive distributorship agreement with plaintiff, and as a result of the alleged tortious conduct of defendants Lord and LFE. Defendants seek an order denying the relief sought in the plaintiff's Complaint.

6. **Amendment of Pleadings**

The parties have agreed that, unless the Court orders otherwise, all motions to amend pleadings shall be filed by October 12, 2006.

7. **Joinder of Parties**

The parties have agreed that, unless the Court orders otherwise, all motions to join additional parties shall be filed by October 12, 2006.

8. **Discovery**

This case relates to events and relationships in the United States, Thailand and Japan. Defendants have advised that they intend to engage in international discovery. Plaintiff does not consider "international discovery" to include discovery and depositions of employees of United States defendants like Lord and LFE. Plaintiff has not yet determined whether it will be necessary to engage in international discovery of third parties. Some of the documents to be produced will not be in the English language, one of plaintiff's principals does not speak English sufficient to allow a full deposition without a translator, and may be unable to travel to the United States for a deposition due to health reasons. Depositions of third party witnesses may require a translator as well. There could arise issues regarding the location and timing of discovery, particularly as to third parties who are not subject to service in the United States and must be served by a means other than subpoena.

Absent further agreement, Order of the Court, or as outlined below, the parties have agreed to abide by Rule 26.1 of the Local Rules for the District of Delaware; provided, however, that the parties agree to limit the number of interrogatories each can propound to 25 pursuant to Federal Rule of Civil Procedure 33. The parties agree that either party shall be free to seek leave of Court, for good cause shown, to amend the discovery provisions of Local Rule 26.1. The parties have also conferred on the issue of scheduling and have been unable to agree on a proposed schedule of dates. Accordingly, plaintiff hereby proposes the schedule of dates set forth in Exhibit A attached hereto, and Defendants propose the schedule of dates set forth in Exhibit B attached hereto. Of course, any schedule is subject to the Court's calendar and approval.

9. **Estimated Trial Length**

The parties estimate that the trial will take 10 full court days.

10. **Jury Trial**

The plaintiff has demanded trial by jury.

11. **Settlement**

Plaintiff does not believe that settlement discussions that have occurred since the inception of this lawsuit have been fruitful and does not believe that further settlement talks would be productive at this time.

Defendants believe settlement negotiations have been fruitful, further settlement discussions would be fruitful and that the prospects of settlement are good. Plaintiff's principals have advised defendants that they want to continue pursuing the settlement negotiations. Defendants believe that if settlement can be achieved, it likely will occur in the near future.

The parties will be willing to engage in settlement negotiations with the supervision of the Magistrate Judge at a later time to be set by the Court.

12. **Other Matters**

The parties agree that a Protective Order will be desirable and prudent. The parties will employ their best efforts to reach agreement on the terms of such a Protective Order by July 27, 2006.

13. **Certificate of Conference**

The parties certify that they have conferred about each of the above matters set forth in this report.

/s/ *signature*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
Phone: (302) 651-7700
Fax: (302) 651-7701

Of Counsel:

Troy S. Brown
Karen M. Klotz
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001

Attorneys for Plaintiff Precision
Engineering, Ltd.

Dated: June 27, 2006

/s/ Todd C. Schiltz
Todd C. Schiltz (#3253)
tschiltz@wolfblock.com
Barry M. Klayman (#3676)
bklayman@wolfblock.com
Wolf, Block, Schorr and Solis-Cohen, LLP
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Phone: (302) 777-0312

Attorneys for Defendants Lord
Corporation and Lord Far East, Inc.

**EXHIBIT A**

# PLAINTIFF'S PROPOSED CASE SCHEDULE

| Event | Proposal |
|---|---|
| Exchange of Initial Disclosures | August 1, 2006 |
| Motion to Amend Pleadings | October 12, 2006 |
| Motion to Join Additional Parties | October 12, 2006 |
| Completion of Fact Discovery | January 12, 2007 (or 6 months after Exchange of Initial Disclosures) |
| Opening Expert Reports (burden of proof) | January 26, 2007 |
| Answering Expert Reports | February 23, 2007 |
| Completion of Expert Discovery | March 16, 2007 |
| Letter Briefs Seeking Permission to file Dispositive Motions | Opening: April 13, 2007<br>Response: April 20, 2007<br>Reply: April 26, 2007 |
| Hearing Concerning Permission to File Summary Judgment Motions | Discretion of Court |
| Summary Judgment Briefing | Opening: May 25, 2007<br>Response: June 14, 2007<br>Reply: June 28, 2007 |
| Summary Judgment Hearing | At Court's discretion |
| Motions in Limine | Opening: July 26, 2007<br>Response: August 9, 2007<br>Reply: August 16, 2007 |
| Submission of Joint Proposed Pretrial Order | 30 days before pretrial conference |
| Pretrial Conference | At Court's discretion |
| Trial | October 2007 |

RLF1-3031301-1

**EXHIBIT B**

## DEFENDANTS' PROPOSED CASE SCHEDULE

| Event | Proposal |
|---|---|
| Exchange of Initial Disclosures | August 1, 2006 |
| Motion to Amend Pleadings | October 12, 2006 |
| Motion to Join Additional Parties | October 12, 2006 |
| Status Conference (review status of discovery and set remainder of pretrial schedule) | December, 2007 |
| Completion of Fact Discovery | January 12, 2008 |