IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRECISION ENGINEERING, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-110 (GMS) |
| ) | |
| LORD CORPORATION and ) | |
| LORD FAR EAST, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## DEFENDANTS' INITIAL DISCLOSURES

Defendants, Lord Corporation and Lord Far East, Inc. (collectively "Lord"), by their undersigned attorneys, hereby make the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

A.   Individuals with Discoverable Information.

The following individuals are likely to have discoverable information that defendants may use to support their claims or defenses in this action:

1.   Hirokazu Omoto, Lord Far East, Nitto-Hoshino Bldg. 7F, 8-11-1 Nishi-shinjuku, Shinjuku-ku Tokyo 160-0023, Japan.  The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand; negotiations with Precision concerning a written distribution agreement.

2.   Greg Bain, Lord Chemical Products (Australia) Pty, Ltd., 21 Beverage Drive, Tullamarine, Victoria, Australia.  The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision;

the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand; negotiations with Precision concerning a written distribution agreement.

3. Ed Connor, Lord (GmbH), Osterladekop 89b, 21635 Jork, Hamburg, Germany. The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand.

4. Bruce Gascoigne, retired, Lord Far East (last known address to be supplied). The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand.

5. H. Ozawa, retired, Lord Far East (last known address to be supplied). The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand.

6.      Francis Chu, Lord Corporation, Marine Parade Central, 130-1 Parkway Centre, Singapore. The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand.

7.      Karen Sy-Laughner, Lord Corporation, 111 Lord Drive, Cary, NC. The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand; sales of Chemglaze to Precision.

8.      Joseph Marotta, Lord Corporation, 111 Lord Drive, Cary, NC. The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand.

9.      Anthony Ciampa, Lord Corporation, 111 Lord Drive, Cary, NC. The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand; complaints about Precision's pricing to Lord's global customers; Precision's refusal to cooperate

with Lord in servicing global accounts; the development and implementation of alternatives to Precision to service Lord's global accounts in Thailand; sales of Chemglaze to Precision.

10. S. Ogawa, Tokai Eastern Rubber. The business relationship between TER and Lord; the business relationship between TER and Precision; pricing concerns regarding Lord's product purchased from Precision; meeting with Lord and TZT regarding sales of Lord's products to TER.

11. Hiroo Akiyama, Managing Director, Tokyo Zairyo (Thailand) Co., Ltd., 195 South Sathorn Road, Yannawa, Sathorn, Bangkok, Thailand. The development and implementation of the proposal by Tokyo Zairo Japan to service Lord's global customers in Thailand; meetings with Lord's global customers in Thailand; sales to Lord's global customers in Thailand.

12. Charles H. Peterson, retired, Lord Corporation (last known address to be supplied). The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand.

13. Anthony V. Rende, retired, Lord Corporation (last known address to be supplied). The nature, history and conduct of Lord's business relationship with Precision; the absence of an exclusive distributorship agreement with Precision; the market for Lord's products in Thailand.

14. Fusao Shiokawa, Tokyo Zairyo Co., Ltd., 1-6-2 Marunouchi, Chiyoda-ku, Tokyo, Japan. The background and development of the proposal by Tokyo Zairo Thailand to service Lord's global customers in Thailand.

15.     Takagi, Tokyo Zairyo Co., Ltd., 1-6-2 Marunouchi, Chiyoda-ku, Tokyo, Japan. The development and implementation of the proposal by Tokyo Zairo Thailand to service Lord's global customers in Thailand. Meetings with Lord's global customers in Thailand. Sales to Lord's global customers in Thailand.

16.     Takeshi Okabe, Lord Far East, Nitto-Hoshino Bldg. 7F, 8-11-1 Nishi-shinjuku, Shinjuku-ku Tokyo 160-0023, Japan. Meetings with Lord's global customers in Thailand.

17.     Kasem Subcharoen, Precision Engineering, Ltd. ("Precision"). Precision's failure to properly service Lord's global customers in Thailand; Precision's refusal to provide current and useful information to Lord concerning sales to Lord's global customers in Thailand; Precision's refusal to enter into a written distributorship agreement with Lord; intimidation and threats of bodily injury to Lord's personnel in Thailand.

18.     Kongklat ("Patrick") Subcharoen, Precision. Precision's failure to properly service Lord's global customers in Thailand; Precision's refusal to provide current and useful information to Lord concerning sales to Lord's global customers in Thailand; Precision's refusal to enter into a written distributorship agreement with Lord.

19.     Nuantip Subcharoen, Precision. Precision's failure to properly service Lord's global customers in Thailand; Precision's refusal to provide current and useful information to Lord concerning sales to Lord's global customers in Thailand; Precision's refusal to enter into a written distributorship agreement with Lord.

20.     Kannika Subcharoen, Precision. Precision's marketing and sale of Lord's products in Thailand; meetings between Precision and Lord in Thailand.

21. Kriengkrai Subcharoen, Precision. Precision's marketing and sales of Lord's products in Thailand; meetings between Precision and Lord in Thailand.

22. Paksuphang Subcharoen, Precision. Precision's marketing and sales of Lord's products in Thailand; meetings between Precision and Lord in Thailand.

B. <u>Documents and Data Compilations.</u>

Documents, data compilations and tangible things that are in the possession, custody or control of defendants that may be used to support their claims or defenses in this action include the following:

1. Documents concerning Precision's business and relationship with Lord.

2. Documents concerning Precision's purchases and sales of Lord Products in Thailand.

3. Documents concerning customer complaints about Precision.

4. Documents concerning Precision's refusal to share information concerning its sales and contacts with Lord's global customers.

5. Documents concerning the need for a strategy to service Lord's global customers in Thailand.

6. Documents concerning the sale and distribution of Lord's Products in Thailand.

7. Documents concerning communications and meetings between Lord and Precision.

8. Documents concerning the refusal of Precision to enter into a written distribution agreement with Lord.

9. Documents concerning the market for Lord's Products in Thailand, particularly for Chemlok and Chemglaze.

C. <u>Damages</u>.

Defendants have not asserted any counterclaims against plaintiff. To the extent that the law permits, they seek to recover their reasonable attorneys' fees and costs in defending this action in an amount yet to be determined.

D. <u>Applicable Insurance Agreements</u>.

Defendants are not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered against them in this action or to indemnify or reimburse for payments made to satisfy any judgment which may be entered against them in this action.

E. <u>Reservation of Right to Modify, Amend or Supplement Disclosures</u>.

These disclosures are made as of the date hereof and defendants reserve the right to modify, amend or supplement these disclosures through additional disclosures, discovery responses or other reasonable notice to plaintiff.

WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

*/s/ Todd C. Schiltz*
Todd C. Schiltz (#3253)
Barry M. Klayman (#3676)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0312

Attorneys for defendants, Lord Corporation and Lord Far East, Inc.

Dated: August 1, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused copies of the foregoing Defendants' Initial Disclosures to be served on the following persons in the manner indicated:

**BY HAND-DELIVERY**
Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899

**VIA FIRST CLASS MAIL**
Troy S. Brown
Karen M. Klotz
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921


Dated: August 1, 2006

_____
Todd C. Schiltz (#3253)