IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRECISION ENGINEERING, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-110 (GMS) |
| | ) | |
| LORD CORPORATION and | ) | |
| LORD FAR EAST, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING**
**THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiff, Precision Engineering, Ltd., and Defendants, Lord Corporation and Lord

Far East, Inc., jointly stipulate to request this Court to enter a protective order to assure

the confidentiality of certain documents and information. This Court has considered the

stipulation of the parties. IT IS HEREBY ORDERED that:

1.    ALL CONFIDENTIAL INFORMATION (as defined in Paragraph 2

herein) produced or exchanged in the course of this litigation shall be used solely for the

purpose of this litigation; provided, however, that this restriction shall not operate to

preclude counsel, party representatives or others who have access to such

CONFIDENTIAL INFORMATION pursuant to this Protective Order from participation

in other proceedings or matters. CONFIDENTIAL INFORMATION may not be used for

any other purpose, including any business, commercial, or competitive purpose, except as

expressly provided herein or by further order of this Court.

2.    Any information recorded in any form or any portion thereof, including

any form of evidence or discovery contemplated under the Federal Rules of Civil

Procedure, which, in the good faith opinion of the party, individual or entity providing such information or discovery which contains, or which could lead to the disclosure of, confidential business or commercial information may be designated by the producing party, individual or entity as CONFIDENTIAL INFORMATION. Any party, individual, entity or witness responding to discovery, may designate CONFIDENTIAL INFORMATION, according to the procedures described in paragraphs 3 and 4. All documents, information and testimony designated as CONFIDENTIAL INFORMATION shall be subject to the provisions of this Protective Order.

(a)     For purposes of this Protective order, "document" shall be defined to mean any printed, typewritten, handwritten or digitally, electronically or otherwise recorded material, including but not limited to testimony, including deposition testimony, pleadings, answers to interrogatories, requests for admission, motions, briefs, memoranda or other court filings, contracts, correspondence, emails, memoranda, notes, agenda, minutes, calendars, reports, customer contact information, analyses, valuations, valuation methodologies, presentations, articles, photographs, spreadsheets, financial statements, accounting records, lists, manuals, databases, software, audiotape, videotape, disks and film.

3.     If any party, individual, entity, or witness is of the good faith opinion that any information is confidential or that a document   contains CONFIDENTIAL INFORMATION, then the party, individual, entity, or witness shall mark each page of the document or shall affix to each thing a notice in the following form or to similar effect: CONFIDENTIAL.

RLF1-3052358-1

4.      A party, individual, entity, or witness may designate all or any portion of a deposition as CONFIDENTIAL INFORMATION during or within twenty (20) days following the completion of the deposition.  If the designation is made during the deposition, the court reporter of the deposition containing such designated material shall transcribe separately testimony so designated and shall stamp or mark that testimony "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  A party may, within twenty days (20) after completion of the deposition, notify the other parties that the deposition testimony includes confidential testimony, in which case the entire deposition transcript shall be deemed CONFIDENTIAL INFORMATION from the time of such notification until twenty eight (28) days have elapsed following receipt by the deponent of the entire deposition transcript.  Prior to the expiration of this 28-day period, the entire transcript and any information derived therefrom may be disclosed only pursuant to the terms of this Protective Order.  During the twenty-eight day review period, the party seeking to designate deposition testimony as confidential  shall designate specific pages and lines of the transcript and any exhibits as CONFIDENTIAL INFORMATION and shall give written notice to opposing counsel of the specific confidential designations.  Only such designated portions and exhibits shall be CONFIDENTIAL INFORMATION at the expiration of the 28-day period.

5.      The Clerk of this Court is directed to maintain under seal all information, including but not limited to, transcripts, exhibits, documents, objects, materials and papers filed with the Court in this litigation which have been designated, in whole or in part, as CONFIDENTIAL INFORMATION by a party to this action.  To assist the Clerk,

- 3 -

any document or object deemed CONFIDENTIAL INFORMATION should be filed under seal and marked as follows:

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S)
SHALL BE TREATED AS CONFIDENTIAL INFORMATION AND SHALL NOT BE
SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN
PARAGRAPH 8 OF THE PROTECTIVE ORDER.

Such documents or testimony shall be opened only by the Court or by personnel authorized to do so by the Court.

6.     Any pleading, motion, brief, memorandum, or other filing with the Court that includes any discussion or analysis of, quotation from, or substantive reference to any document, information or deposition or other testimony deemed or designated as CONFIDENTIAL INFORMATION shall be filed under seal and marked with the language specified in paragraph 6, above.

7.     Disclosure of documents, information or testimony designated as CONFIDENTIAL INFORMATION, including all information derived therefrom, shall be restricted solely to the following "Qualified Persons", who are bound by the terms of this Protective Order, unless additional persons are agreed upon and stipulated to in writing by counsel or authorized by the Court:

(a)     Outside or inside counsel for any party to the above-captioned litigation, including all employees of said counsel's law firm or law department, such as (without limitation) permanent and temporary attorneys, contract attorneys, paralegal assistants, and clerical employees;

(b)     Persons retained by any party herein for the purpose of furnishing consulting expert services or for giving expert testimony in this matter. Disclosure of

- 4 -

CONFIDENTIAL INFORMATION to consultants or experts is is further subject to the requirements or paragraph 9 herein;

(c)     Employees, officers or directors of the parties whose job responsibilities relate to the matters at issue in this action, or to the litigation, disposition or settlement of this action, and whose review of the documents and/or testimony is appropriate to assist the party in pretrial proceedings or in preparation for trial and trial of this action, or for settlement thereof;

(d)     This Court (including the jury) and its personnel;

(e)     Stenographic reporters retained to record and transcribe testimony in this action and court reports who actually record the proceedings in this action;

(f)     Copying services;

(g)     A deponent during the course of his or her deposition if the attorney believes in good faith that disclosure of the document, information or testimony is appropriate in connection with the deposition.   Disclosure of CONFIDENTIAL INFORMATION to deponents is further subject to the requirements paragraph 9 herein; and

(h)     A witness or deponent prior to his or her testimony or deposition where the attorney believes in good faith that disclosure is appropriate for the witness or deponent to prepare for his or her deposition or testimony.   Disclosure of CONFIDENTIAL INFORMATION to witnesses or deponents is further subject to the requirements paragraph 9 herein.

8.     Before disclosure to any "Qualified Person" identified in sections 8(b), 8(g), or 8(h), such person shall be shown a copy of this Protective Order and shall sign a

declaration, in the form attached hereto as Appendix A, agreeing to be bound by the terms of this Protective Order. The party disclosing the CONFIDENTIAL INFORMATION to the qualified consultant, deponent, or witness shall maintain all signed, original declarations. The party shall make the declarations available for inspection by the opposing party if the parties mutually agree to do so or if ordered to do so by the Court

9. Any information designated as "CONFIDENTIAL INFORMATION" shall not be disclosed or made available to persons other than those "Qualified Persons" as defined herein. This Protective Order shall not apply to:

(a) Any information which at the time of the disclosure to the receiving party is in the public domain;

(b) Any information which after disclosure to a receiving party becomes part of the public domain as a result of a publications not involving a violation of this Order;

(c) Any information which a receiving party can show was received by and from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or

(d) Any information which a receiving party can show was independently developed by persons not having access to the producing party's CONFIDENTIAL INFORMATION.

10. Each party shall take reasonable measures in storing documents and testimony designated as CONFIDENTIAL INFORMATION to limit access to those

RLF1-3052358-1

Qualified Persons who are authorized under the terms of this Protective Order to inspect, review, or receive such documents.

11.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as CONFIDENTIAL INFORMATION consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

12.    Whenever documents, information or testimony designated as CONFIDENTIAL INFORMATION are to be disclosed in a deposition or other hearing or proceeding, any party claiming that the documents or testimony contain CONFIDENTIAL INFORMATION may exclude from the room any person, other than Qualified Persons designated in paragraph 8 of this Protective Order, for that portion of said deposition, hearing or proceeding.  Nothing in this Protective Order shall limit any party from introducing documents, information or testimony designated as CONFIDENTIAL INFORMATION into evidence at trial, subject to the introducing party informing the designating party of its intent to do so, and subject to the designating party's right to seek further protection from the Court.

13.    In the event that counsel for a party deems it necessary to either (i) disclose any information of the producing party designated CONFIDENTIAL INFORMATION to any person not a Qualified Person or (ii) file in the Court's record in this case usealed copies of any information the producing party designated CONFIDENTIAL INFORMATION, no earlier than twenty (20) days prior to the intended disclosures, said counsel shall notify counsel for the producing party in writing of the information or documents to be disclosed or filed by sending a Notice of Intended

- 7 -

Disclosure, and shall attempt to reach agreement regarding such disclosure or filing. If agreement cannot be reached within five (5) days of service of the Notice of Disclosure, the party seeking to make the disclosure or filing shall move the Court to rule as to whether such disclosure or filing may be made and whether any restrictions or limitations should be placed on such disclosure or filing, and the disclosure or filing shall not be made until that motion is decided and the Court so orders.

14.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under applicable state and federal law. Nothing in this Protective Order shall prejudice any party from seeking relief from this Court broadening or restricting the rights of access to and use of CONFIDENTIAL INFORMATION, or other modifications. Any party may apply to the Court at any time for an order modifying the terms of this Protective Order.

15.    Within thirty (30) days after (1) the entry of a final judgment no longer subject to appeal on the merits of this case or (2) settlement of the claims between the parties, each party herein shall return to the producing party all produced documents, and copies thereof, that have been designated CONFIDENTIAL INFORMATION, or shall certify that all such documents and copies have been destroyed.

16.    Each party herein reserves the right to dispute the confidential status claimed by any other party in accordance with this Protective Order. If any party believes that any document, information or testimony has been designated inappropriately by another party or witness as CONFIDENTIAL INFORMATION, the party shall, in writing, so inform counsel for the party claiming confidentiality. If the party claiming confidentiality does not agree to re-designate the documents as non-

- 8 -

confidential within ten (10) business days, the party challenging the designation may file an appropriate motion before the Court, to be heard in chambers, and the burden shall be on the non-moving party to prove that the document, information or testimony should be deemed CONFIDENTIAL INFORMATION. Unless and until the Court rules otherwise, the disputed document, information or testimony shall be treated as CONFIDENTIAL INFORMATION in accordance with this Protective Order.

17.    The inadvertent production of any CONFIDENTIAL INFORMATION lacking the physical designation "CONFIDENTIAL" shall be without prejudice to any subsequent claim that such material is CONFIDENTIAL INFORMATION, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the producing party or non-party, all copies of any CONFIDENTIAL INFORMATION or document lacking the physical designation "CONFIDENTIAL" shall be returned immediately to the producing party. The producing party then will supply to each of the other parties a copy of the document properly designated "CONFIDENTIAL."

18.    The inadvertent production of any document, information or testimony protected from discovery or disclosure by any applicable privilege or immunity, including without limitation the attorney-client privilege or the work-product doctrine shall be without prejudice to any subsequent claim that such document is protected from discovery or disclosure by privilege or immunity, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the producing party or non-party, all copies of any document, information or testimony

claimed to be privileged or protected from discovery or disclosure and inadvertently produced shall be promptly returned to the producing party.

     19.    This Order shall govern the production and disclosure of all documents, information and testimony produced or disclosed in this case, both before and after the entry of this Order.

     20.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated CONFIDENTIAL INFORMATION pursuant to this Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

<em>(The remainder of this page is intentionally left blank)</em>

RLF1-3052358-1

PRECISION ENGINEERING, LTD.

By their attorneys:

RICHARDS, LAYTON & FINGER

_____
Frederick L Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
One Rodney Square
920 King Street
Wilmington, DE 19801
(302) 651-7752

LORD CORPORATION and
LORD FAR EAST, INC.

By their attorneys:

WOLF BLOCK, SCHORR AND
 SOLIS-COHEN LLP

/s/ Barry M. Klayman
Todd C. Schiltz (#3252)
tschiltz@wolfblock.com
Barry M. Klayman (#3676)
bklayman@wolfblock.com
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-5860

SO ORDERED, this _____ day of _____, 2006.


_____
Honorable Gregory M. Sleet

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRECISION ENGINEERING, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-110 (GMS) |
| | ) | |
| LORD CORPORATION and | ) | |
| LORD FAR EAST, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

I, _____, do hereby declare as follows:

      1.     I am over the age of eighteen and am not a party to Civil Action No. 06-110 (GMS), captioned Precision Engineering, Ltd. v. Lord Corp. et al., pending in the United States District Court for the District of Delaware.

      2(a).    I have been retained by _____ to provide consulting expert services or for giving expert testimony in this matter; OR

      2(b).    I am, or am designated as, a witness or deponent in this matter.

      3.     I have reviewed the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information.

      4.     I acknowledge and agree that I am bound by the terms of the Protective Order.

      5.     I agree to utilize and refer to CONFIDENTIAL INFORMATION solely in connection with the above-captioned proceeding and for no other purpose.

      6.     Further, I understand that disclosure of CONFIDENTIAL INFORMATION in violation of the Protective Order is prohibited and may be a contempt of Court.

RLF1-3052358-1

7.     I consent to the jurisdiction of this Court for the purposes of enforcement of the terms of the Protective Order and hereby agree to comply with all the terms thereof.

8.     I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____                                    _____
                                                         (signature)

                                                         Print name and address:

                                                         _____

                                                         _____

                                                         _____

- 13 -